IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHIRA DWAYNE MCKINNIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:12-CV-149-TMH |
| | ) | [WO] |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on Petitioner's 28 U.S.C. § 2254 petition challenging the conviction for third degree burglary entered against him by the Circuit Court for Houston County, Alabama, on December 15, 2010. Respondents filed an answer to the petition on April 13, 2012. (*Doc. No. 8.*) They assert that Petitioner has failed to exhaust state remedies with respect to the claims pending before this court. (*Id.*) Specifically, Respondents maintain that Petitioner may file a second Rule 32 petition with the state court requesting an out-of-time appeal from the denial of his first Rule 32 petition based on Petitioner's apparent failure to receive notice of the trial court's November 23, 2011 order denying the same. (*Id.*) If the state court grants such request, Petition may exhaust his habeas claims in the state courts. (*Id.*)

The court afforded Petitioner an opportunity to show cause why his petition should not be dismissed for failure to exhaust available state remedies. (*Doc. No. 10.*) The court further informed Petitioner to inform the court in his show cause response if he did not wish

to attempt further exhaustion in the state courts by submitting a second Rule 32 petition and requesting an out-of-time appeal.  Petitioner has filed no response to the court's show cause order and the time for filing a response has now expired.

## I. DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A).  *See Rose v. Lundy*, 455 U.S. 509 (1982) (before a petitioner may file a petition seeking habeas relief in federal court, he/she must exhaust each claim presented to the federal court through remedies available in state court).  This exhaustion requirement is satisfied by seeking review of the claim(s) in the highest state court with jurisdiction to consider the claim.  28 U.S.C. § 2254(b) and (c).

It is clear from the pleadings before the court that Petitioner has an available state court remedy he may pursue in order to attempt proper exhaustion of the claims presented in the instant habeas petition.  This court does not deem it appropriate to rule on the merits of Petitioner's claims for relief without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2). Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by Petitioner.  *See Granberry v. Greer*, 481 U.S. 129 (1987).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas

corpus relief should be dismissed without prejudice so that Petitioner may pursue his available state court remedies.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties may file an objection to the Recommendation on or before **November 9, 2012**.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

    DONE, this 25th day of October, 2012.

                                /s/ Susan Russ Walker
                                SUSAN RUSS WALKER
                                CHIEF UNITED STATES MAGISTRATE JUDGE